**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CLAYTON WATTERS, individually and on behalf of all similarly situated individuals,<br><br>　　　Plaintiff,<br><br>vs.<br><br>CAN-AM WIRELESS, LLC, d/b/a CAN-AM IT SOLUTIONS,<br><br>　　　Defendant. | Case No.: 3:22-cv-739<br><br>[Removed from the Circuit Court for the Twentieth Judicial Circuit, Randolph County, Illinois, Civil Action No.: 2022LA2] |

## NOTICE OF REMOVAL

Can-Am Wireless, LLC, d/b/a Can-Am IT Solutions ("Can-Am), hereby removes the above-captioned action from the Circuit Court for the Twentieth Judicial Circuit, Randolph County, Illinois, to this Court, reserving all rights and defenses, and shows the following grounds for removal:

### Introduction

1.　On January 26, 2022, Clayton Watters (Plaintiff) filed this putative class action against Can-Am in the Circuit Court of Randolph County, Illinois, on behalf of himself and "hundreds" of other purported class members. (Complaint and Summons served on Can-Am on March 15, 2022, attached hereto as **Exhibit A.**)

2.　This putative class action contends that Can-Am breached the Illinois Biometric Information Privacy Act ("BIPA") by collecting, capturing, storing, and disseminating the biometric information of the Plaintiff and putative class members in a manner that violated the BIPA.

3.　The Complaint seeks to certify the following purported class of individuals:

>All individuals whose biometrics were captured, collected, stored, used, received through trade, or otherwise obtained by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period.

(Complaint at ¶ 29.)

4. The requested relief in the Complaint includes the following:

   a. A declaration "[d]eclaring that Defendant's actions … violate BIPA;"

   b. An award of "injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;"

   c. An award of "statutory damages of $5,000 for each willful and/or reckless violation of BIPA";

   d. An award of "statutory damages of $1,000 for each negligent violation of BIPA"; and

   e. An award of "reasonable attorneys fees, costs, and other litigation expenses".

   (Complaint at p. 12.)

5. Plaintiff asserts that his claims are "typical" of the claims of the class. (Complaint at ¶ 32.)

6. According to Plaintiff, from March 2021 to present, he has been employed at Ultra Play Solutions, Inc. (Complaint at ¶ 17.)

7. Plaintiff maintains that Ultra Play Solutions, Inc. purchased two Automated AI Rapid Temperature Screening Stations ("AARTSS") made by Can-Am. (Complaint at ¶ 17.)

8. According to Plaintiff, the AARTSS kiosks "by way of biometric facial scans, measures the faces of individuals in order to perform temperature screening and mask detection." (Complaint at ¶ 16.)

9.  Plaintiff maintains that, through the use of the AARTSS kiosks, Can-Am "screens employees, like Plaintiff and other members of the Class, who enter an employer's facility, in order to check for above average temperatures and compliance with mask regulations." (Complaint at ¶ 18.)

10. Plaintiff contends that, "upon entering Plaintiff's employer's facility, Plaintiff is required to approach Defendant's AARTSS, which then zooms in on Plaintiff's face obtains and analyzes Plaintiff's facial geometry." (Complaint at ¶ 20.)

11. According to Plaintiff, his "facial geometry was captured, collected or otherwise obtained by Defendant's AARTSS each time Plaintiff entered his employer's facility without written consent as required by law" and that he has allegedly "had his biometric facial geometry unlawfully collected, stored, and disseminated by Defendant." (Complaint at ¶ 22.)

12. Plaintiff's Complaint outlined the purported manner in which Can-Am's alleged "practice with respect to profiting from capturing, collecting, storing, and using biometrics" supposedly failed "to comply with applicable BIPA requirements." (Complaint at ¶ 44.)

13. Plaintiff contends that "[e]ach instance where Plaintiff and other Class members had their faces scanned, measured and mapped for screening purposes, Defendant captured, collected, stored, and/or used Plaintiff's and other Class members' biometric identifiers or biometric information without informed written consent in violation of BIPA." (Complaint at ¶ 43.)

14. Plaintiff maintains that Can-Am's alleged violations of BIPA "were knowing and willful, or were at least in reckless disregard of the statutory requirements." (Complaint at ¶ 11.)

15. Can-Am denies that it violated the BIPA and denies that the allegations of Plaintiff's Complaint have any legal or factual merit.

## Jurisdiction

16. This Court possesses subject matter jurisdiction over this action because the matter is a putative class action where the putative class includes at least one hundred class members, at least one member of the putative class is a citizen of a State different from Can-Am, and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 USC 1332(d) (2), (5).

17. The putative class contains at least one hundred class members.

    a. By the Complaint's own allegations, the class that Plaintiff seeks to certify allegedly contains "hundreds" of members. (Complaint at ¶ 31.)

    b. Additionally, Can-Am's records suggest that AARTSS kiosks may have been sold to three private companies located in Illinois, including Ultra Play Systems, Inc.

    c. On information and belief, the aggregate number of employees at these locations exceeds 100 individuals.

18. At least one member of the putative class is a citizen of a State different from Can-Am.

    a. Plaintiff alleges that, "at all relevant times," he has "been a resident and a citizen of the state of Illinois." (Complaint at ¶ 11.)

    b. Furthermore, the Plaintiff's putative class is primarily (if not exclusively) made up of individuals employed at private companies in Illinois where a Can-Am AARTSS kiosk was allegedly present.

    c. On information and belief, most of these putative class members would be citizens of the state of Illinois.

   d. Can-Am is a limited liability company organized under the laws of the state of Texas and has its principal place of business located in Texas.

   e. As such, for purposes of 28 U.S.C. 1332(d), Can-Am is deemed to be a citizen of the state of Texas. *See* 28 U.S.C. § 1332(d)(10).

19. The amount in controversy for this claim exceeds $5,000,000.

   a. Under 28 U.S.C. § 1332(d), "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." *See* 28 U.S.C. § 1332(d)(6).

   b. Plaintiff has asserted that his claim is "typical" of absent class members.

   c. And, based on the allegations of his Complaint, Plaintiff seeks to represent a class that largely consists of employees who encounter or encountered an AARTSS kiosk in conjunction with their employment. *See* Complaint at ¶ 18 ("Defendant screens employees, like Plaintiff and other members of the Class, who enter an employer's facility …"), ¶23 ("Defendant's biometric facial scanning AARTSS technology was used to monitor and manage its clients' workers"), ¶ 24 ("Though Defendant collected, stored, and used Plaintiff's biometrics to provide his employer and other general employers throughout Illinois with temperature screening and mask detection services …).

   d. Plaintiff alleges that, since March 2021, he has been employed at a location where an AARTSS kiosk collected his biometric information every time that he entered his employer's facility and his face was scanned. (Complaint at ¶¶ 17, 20, 22.)

e. Plaintiff alleges that Can-Am violated BIPA each time that it scanned the Plaintiff's or other putative class members' faces without their consent. (Complaint at ¶ 43.)

f. Plaintiff seeks to recover $5,000 for each of these alleged violations of the BIPA. (Complaint at ¶¶ 46, 47, p. 12.)

g. On information and belief, a typical employee will enter his or her employer's premises at least once a week – if not several times a week.

h. As such, under Plaintiff's theory, Cam-Am allegedly violated BIPA at least once a week per the typical class member and, thus, would owe the typical class member at least $5,000 per week.[1]

i. Thus, even if Plaintiffs' proposed class of "hundreds" only consisted of 200 individuals who were scanned by AARTSS kiosks at least once a week at work during the same time as Plaintiff (March 2021 to present), under Plaintiff's theory and interpretation of BIPA, the amount in controversy would well exceed the $5,000,000 threshold.

### Timeliness of Removal

20. Can-Am was served on March 15, 2022.

21. Can-Am filed this Notice on April 14, 2022.

22. Accordingly, this Notice of Removal is timely brought before this Court. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. Pro. 6.

---

[1] Can-Am denies Plaintiff is entitled to this recovery and disputes the manner in which Plaintiff attempts to interpret the private cause of action provisions of BIPA.

**Venue and Other Matters**

23.     Because this action was originally filed in the Circuit Court for Randolph County, Illinois, the action is properly removable to the United States District Court for the Southern District of Illinois.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 92(a)(1).

24.     A copy of this Notice of Removal has been filed with the Circuit Court for Randolph County, Illinois, instructing that no further proceedings shall be had until such time as this matter is remanded from this Court.

25.     A copy of this Notice of Removal, including exhibits thereto, has been sent to counsel for the Plaintiff.

26.     True and correct copies of the pleadings which demonstrate that this matter is removable are attached hereto as **Exhibit A**.  *See* 28 U.S.C. § 1446(b).

27.     A copy of all other documents currently on file with the state court, including the state court's docket sheet, are attached hereto as **Exhibit B.**

Wherefore, Can-Am Wireless, LLC, d/b/a Can-Am IT Solutions requests that this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the Circuit Court for Randolph County, Illinois, regarding this action be stayed.  Can-Am Wireless, LLC further demands that the trial of this matter in federal court be heard by a jury.

                              Respectfully submitted,

                              BY:/s/ Patrick D. Cloud
                                HEYL, ROYSTER, VOELKER & ALLEN, P.C.
                                Patrick D. Cloud, ARDC #: 6282672

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia Street
Edwardsville, Illinois 62025
Telephone  618.656.4646
Primary e-service: edwecf@heylroyster.com
Secondary e-service #1: pcloud@heylroyster.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of April, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that counsel for Plaintiff was served with copies of this Notice of Removal via e-mail to the following:

David L. Gerbie
Colin P. Buscarini
Jordan R. Frysinger
Chandne Jawanda
McGuire Law, P.C.
dgerbie@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@mcgpc.com
cjawanda@mcgpc.com
**Attorneys for Plaintiff**

/s/ Patrick D. Cloud
HEYL, ROYSTER. VOELKER & ALLEN, P.C.